IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DEDRICK G. SMITH,              )
                               )
        Petitioner,            )
                               )
v.                             )     Case Nos.  2:13-cv-8008-LSC-TMP
                               )                (2:92-cr-0169-LSC-TMP)
UNITED STATES OF AMERICA,)
                               )
        Respondent.            )

MEMORANDUM OF OPINION

This is a successive habeas corpus petition filed pursuant to 28 U.S.C. § 2255 on March 19, 2013, by Petitioner, Dedrick G. Smith ("Smith"). On October 16, 2014, the magistrate judge filed his report and recommendation, recommending that Smith's petition be transferred to the Eleventh Circuit Court of Appeals for that court to determine whether to grant the necessary authorization for the filing of a successive petition in this Court. Petitioner filed an objection to the report and recommendation on November 7, 2014. For the following reasons, the Court will adopt and accept the portion of the report and recommendation concluding that this Court lacks jurisdiction to consider the successive motion, but the Court will not accept the recommendation to transfer this action to the appellate court. Instead, the action will be dismissed.

I.      Background

Smith's judgment of conviction for felony murder of a federal agent while in the line of duty, in violation of 18 U.S.C. §§ 1111 and 1114, became final on April 24, 1995, when the United States Supreme Court denied Smith's petition for writ of certiorari on direct appeal.  Smith filed his first § 2255 petition in this Court on April 24, 1997, alleging ineffective assistance of counsel.  After an evidentiary hearing, the petition was denied and dismissed with prejudice on January 25, 2001.  *See Smith v. United States*, 2:97-cv-8030-LSC-TMP.  The United States Court of Appeals for the Eleventh Circuit affirmed the denial of the first § 2255 petition on July 13, 2001.  Smith filed a second such petition on August 4, 2004,[1] which was dismissed as successive and for lack of an authorizing order from the Eleventh Circuit on May 16, 2005.  *See Smith v. United States*, 2:92-cr-169-LSC-TMP.  Smith did not appeal.

In this, his second successive petition, Smith now claims that his counsel rendered ineffective assistance in failing to communicate the Government's plea offer to him until the offer had already expired.  Smith asserts that this petition is timely under 28 U.S.C. § 2255(f)(3), because it was filed within one year of the United States Supreme Court's decision in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and its

---

[1] Smith titled the petition a motion to dismiss the indictment, but it was construed by the Court as a petition brought pursuant to § 2255.

companion decision, *Missour v. Frye*, 132 S. Ct. 1399 (2012), which were both issued on March 21, 2012, and which Smith argues are applicable to his case because they relate to effective assistance of counsel at the plea bargaining stage.[2]

II.   The Report and Recommendation and Objection

The magistrate judge determined that Smith's petition should be denied and dismissed for lack of subject matter jurisdiction because it is successive to the two previous § 2255 petitions Smith has filed and because Smith has not obtained the

---

[2] There is a one-year statute of limitations applicable to a petitioner's claims under 28 U.S.C. § 2255.  That statute states, in pertinent part:
> A 1-year period of limitation shall apply to a motion under this section.  The limitations period shall run from the latest of---
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

requisite authorization from the Eleventh Circuit Court of Appeals before filing the petition, as required by 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). However, the report and recommendation also noted that because Smith filed the petition at the very end of the applicable one-year statute of limitations under 28 U.S.C. § 2255(f)(3), if this action were dismissed to allow him to re-file his petition after receiving authorization from the appellate court, the petition would be time barred, as it would be filed more than one year after the *Lafler* and *Frye* opinions were issued. As such, rather than dismiss the action, the report and recommendation opines that the interests of justice counsel in favor of transferring it to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 1631,[3] for that court to determine whether to grant the necessary authorization for the filing of a successive petition in this court. The magistrate judge noted that pursuant to 28 U.S.C. § 1631, if Smith is successful is obtaining the authorizing order from the Eleventh Circuit, his successive petition would remain

---

[3] 28 U.S.C. § 1631 provides:

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

deemed filed on March 19, 2013.

Petitioner's objection to the report and recommendation urges this Court to construe his motion as a motion for reconsideration of his previously-dismissed § 2255 motions pursuant to Fed. R. Civ. P. 59(e) or 60(b) so that the Court will have jurisdiction over the motion.

III. Discussion

Having now carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objection thereto, the Court is of the opinion that the report is due to be and is hereby adopted insofar as it concludes that this Court lacks subject matter jurisdiction to consider this successive § 2255 petition.[4]  However, the Court does not accept the magistrate judge's recommendation that, in the interests of justice, the petition be transferred to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

---

[4] Petitioner cannot use Fed. R. Civ. P. 60 or 59 as a procedural vehicle to re-open and vacate his sentence based on the new claim that his counsel was ineffective pursuant to *Lafler* and *Frye*. A Rule 60(b) motion, which asserts a claim for relief, rather than " pointing out a defect in the integrity of the earlier §2255 motion proceeding . . . is the equivalent of a second or successive motion and is barred by § 2255(h)." *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005)). A petitioner must file a Rule 59(e) motion " no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). " A court must not extend the time to act under" Rule 59(e)." Fed. R. Civ. P. 6(b)(2). Petitioner's motion, if construed as a Rule 59(e) motion, is untimely, as his previous judgments on his § 2255 motions were in 1997 and 2005.

Several factors lead this Court to conclude that the interests of justice do not favor a transfer to the Eleventh Circuit. First, the language of 28 U.S.C. § 2244(b)(3)(A) plainly instructs habeas petitioners like Smith to obtain the requisite authorization from the Eleventh Circuit Court of Appeals before filing a successive petition in the district court. *See* 28 U.S.C. § 2244(b)(3)(A) ("[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). Indeed, Smith has already had one successive § 2255 petition dismissed for failure to obtain Eleventh Circuit authorization, so he was on notice that an authorizing order from the Eleventh Circuit court of appeals is a prerequisite to filing a successive § 2255 petition in this court. Second, as noted by the magistrate judge, the Eleventh Circuit in *Guenther v. Holt* declined to decide whether transferring a successive § 2255 petition to the appellate court pursuant to 28 U.S.C. § 1631 would be a "viable" option in situations where denial of the transfer would effectively bar the petitioner from relief due to a time-bar. 173 F.3d 1328, 1330-31 (11th Cir. 1999). However, the court also stated in dicta that the other circuits that had permitted such transfers under § 1631 had not explained why that statute was an appropriate authority for a transfer of a successive § 2255

petition and expressed "concerns" with such a procedure given that § 2244(b)(3)(A) requires the applicant to move in the court of appeals *before* filing a successive petition in the district court. *Id.* at 1130 n.4. Finally, even if the Eleventh Circuit were to authorize the filing of Smith's successive petition, it would be denied by this Court as untimely filed. Smith asserts that his petition is timely because under § 2255(f)(3) because it was filed within one year after *Lafler* and *Frye* were decided. However, his reliance on the *Lafler/Frye* decision of the Supreme Court in an effort to establish the timeliness of his petition is misplaced because those cases do not apply retroactively, which is a prerequisite to application of § 2255(f)(3). *See In re Perez*, 682 F.3d 930, 932-33 (11th Cir. 2012) (finding no basis for retroactive application for the *Lafler/Frye* decisions).

IV. Conclusion

For all of the foregoing reasons, a transfer of this action to the Eleventh Circuit Court of Appeals is not in the interests of justice. The Court will dismiss this action. A separate order will be entered.

Done this 10th day of November 2014.

                                              L. Scott Coogler
                                  United States District Judge
[160704]